# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 7:24-cr-00081-ACA-JHE |
| | ) |
| MARKEIAS TERRELL THOMPSON | ) |

## PLEA AGREEMENT

The Government and the defendant, **MARKEIAS TERRELL THOMPSON**, hereby acknowledge the following plea agreement in this case: The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above-numbered and -captioned matter; (ii) consent to forfeiture as described in section XII below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Count Two at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

## TERMS OF THE AGREEMENT

1

I.   **MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for Illegal Possession of a Machine Gun, in violation of Title 18, United States Code, Section 922(o), as charged in **COUNT ONE**, is:

    A.   Imprisonment for not more than 10 years;

    B.   A fine of not more than $250,000, or,

    C.   Both A and B;

    D.   Supervised release of not more than 3 years; and

II.   **FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On October 18, 2023, Corporal Seibert, and Officer McGuire, with Tuscaloosa Police Department (TPD), observed a gray Honda Accord operating on the roadway with an expired tag. Officers activated their vehicle's emergency equipment to initiate a traffic stop on the vehicle. While officers were behind the vehicle, officers could see the driver reaching under his seat and in the passenger seat. The vehicle pulled over and stopped at NE 30th Ave. and NE Colonial Dr. in Tuscaloosa.

*MT*

Cpl. Seibert approached the driver's side of the vehicle, while Ofc McGuire approached the passenger's side. Cpl. Seibert made contact with and questioned the driver, Markeias Terrell THOMPSON, about what he was reaching for. THOMPSON looked at the passenger seat and paused, then stated he was reaching for his license. Cpl. Seibert asked THOMPSON where his license was, and THOMPSON started patting his pockets. THOMPSON stated, "I just had it" and felt his jacket pocket again and located his wallet inside of the pocket. Cpl. Seibert asked THOMPSON again why he was reaching if he did not have his license readily available and THOMPSON stated that he was reaching for it because he knew the officers were going to stop him, so he wanted to get it ready. Cpl. Seibert observed THOMPSON's hands to be shaking, his voice was trembling, and his story about getting his license did not match up with his actions.

Ofc. McGuire told Cpl. Seibert that he could see ammunition in the driver's door. Cpl. Seibert told THOMPSON to step out of the vehicle and he did. Cpl. Seibert patted THOMPSON down for weapons and told him to place his hands behind his back, which he also did. Cpl. Seibert told THOMPSON that he was detaining him for the moment and attempted to grab THOMPSON's hands, but THOMPSON attempted to flee.

Cpl. Seibert grabbed THOMPSON by his waist and threw him to the ground.



Ofc. McGuire laid on THOMPSON's left shoulder as Cpl. Seibert held THOMPSON's right arm. Officers gave THOMPSON multiple commands instructing him to give them his hands, but THOMPSON pulled his arms away multiple times and tried to stand up. THOMPSON refused to hand the officers his hands, so Cpl. Seibert struck him multiple times with his fist, on the right side of his torso. During the altercation with officers, THOMPSON yelled for officers to shoot and kill him. To gain physical control of THOMPSON, Cpl. Seibert drew his taser and activated the taser into THOMPSON's lower back. During the five seconds of taser activation, officers were able to place handcuffs securely onto THOMPSON. THOMPSON stated multiple times that he messed up again. Officers searched THOMPSON and placed him into the back of a patrol unit.

Cpl. Seibert began searching the vehicle incident to arrest and located six 10mg Oxycodone pills with the inscription M523 written on them in the center console. Cpl. Seibert located under the driver's seat a loaded black Glock model 22, .40 caliber handgun bearing serial number SBF360, a machine gun conversion (MCD) device was located on the back of the Glock, 22. The handgun also had an extended magazine. Multiple 9mm rounds were found in the driver side door, and one brass Luger .40 caliber round in the trunk. Cpl.

*MT*

Seibert ran the Glock through dispatch, and it came back to being stolen out of West Point Police Department, Mississippi on July 1, 2019.

Cpl. Seibert attempted to interview THOMPSON by reading him his *Miranda* rights, but THOMPSON stated that he understood and did not wish to speak with officers. Cpl. Seibert contacted the owner of the vehicle, N.T., who stated that she let her nephew drive the vehicle regularly. N.T. stated that THOMPSON had been driving the vehicle for two weeks, and that she does not own firearms and doesn't allow people with firearms into her vehicle. Cpl. Seibert overheard THOMPSON speaking with his mother and telling her, that he was the only one in the vehicle today and his "partner" was not riding with him.

Officers transported THOMPSON to the Tuscaloosa County Jail where he was booked on Receiving Stolen Property, Second, Unlawful Possession of a Controlled Substance, and Resisting Arrest. THOMPSON was also issued a traffic citation for his expired tag.

Tuscaloosa County Sheriff's Office personnel obtained THOMPSON's cell phone as a result of a previous robbery. They obtained a search warrant on the phone and did a forensic examination of the cell phone and shared this information with ATF SA Pearson. In the information obtained from THOMPSON's phone were text messages between THOMPSON and others explaining to others how to install MCDs, or "switches," from his guns to other

*MT*

guns. There are also texts regarding trading and selling "buttons" and "fullys" which are street terms for MCDs. There are also videos of individuals firing MCDs. This proves THOMPSON's knowledge of MCDs.

The Glock 22, .40 caliber pistol bearing serial number SBF360 was examined by ATF and determined to be a firearm that was equipped with a replacement slide cover plate. The slide cover plate was a machinegun conversion device intended for use in converting a semiautomatic Glock-type pistol to fire automatically. The machine gun conversion device was determined to be a combination of parts designed and intended for use in converting a weapon into a machinegun, and in and of itself, is a "machinegun" as defined in 26 U.S.C. § 5845(b) and 18 U.S.C. § 921(a)(24). With the MCD installed, the firearm fired automatically more than one shot, without manual reloading, by a single function of the trigger; therefore, it is a "machinegun" as defined. Further, the MCD bears no manufacturer's markings of identification or serial number as required by 26 U.S.C. § 5842.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**



*/s/ Markeias Thompson*
**MARKEIAS TERRELL THOMPSON**

### III. RECOMMENDED SENTENCE

Subject to the limitations in section VII regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

    A.    That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post Conviction Relief" section of this Plea Agreement;

    B.    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the **low end** of the sentencing guideline range of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

7

*MT*

  C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

  D. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

  E. That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

  F. That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

  A. STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, MARKEIAS TERRELL THOMPSON, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161,** *et seq.*, **that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

  B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

*MT*

In consideration of the recommended disposition of this case, I, MARKEIAS TERRELL THOMPSON, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.



The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, MARKEIAS TERRELL THOMPSON, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Markeias Thompson*
**MARKEIAS TERRELL THOMPSON**

V.      **UNITED STATES SENTENCING GUIDELINES**

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline

range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea

agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;



- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not

meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

## XII. FORFEITURE

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offense(s) in COUNT(s) One of the Indictment, including a Glock, model 22, .40 caliber pistol bearing serial number SBF360, a machine gun conversion (MCD) device located on the back of the Glock, 22 and any accompanying magazines and ammunition. For

purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to consent to the immediate entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all property involved in or used in the commission of the offense(s) in COUNT(s) One of the Indictment, including: a Glock, model 22, .40 caliber pistol bearing serial number SBF360, a machine gun conversion (MCD) device located on the back of the Glock, 22.  For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between the property listed above and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement.

The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any.

Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the

Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding

16 

the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

### XIII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the off offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect



of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

XIV.    DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of ~~19~~ 20 MT pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

18



I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto. I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

4/16/24
DATE

*Markeias Thompson*
MARKEIAS TERRELL THOMPSON
Defendant

### XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

April 16, 2024
DATE

_____
MICHAEL W. WHISONANT, SR.
Defendant's Counsel

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM ESCALONA
United States Attorney

4-18-24
DATE

_____
DARIUS C. GREENE
Assistant United States Attorney