# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | 7:24-cr-00081-ACA-JHE |
| ) | |
| MARKEIAS TERRELL THOMPSON ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, Markeias Terrell Thompson, by and through his counsel of record, Michael W. Whisonant, Sr. and respectfully moves this Honorable Court to impose a sentence at the low end of the guideline sentencing range and in support of this memorandum says as follows:

Markeias Terrell Thompson was charged by indictment (Doc. 1) with certain firearms related offenses, including the felony offense of possession of a machinegun and the felony offense of making a false statement of a material fact relating the purchase of a firearm. On April 30, 2024, Mr. Thompson pled guilty to Count 1 of the indictment. The count of conviction, and the statutory range of punishment are summarized below:

<u>Count 1</u>: Possession of a machinegun, in violation of Title 18 *United States Code*, § 924(a)(2). Punishment includes imprisonment for not more than ten

1

years, a fine of not more than $250,000, and a special assessment fee of $100.

The government agreed to dismiss Count 2 at sentencing.

The United States Probation Office has prepared a pre-sentence investigation report (PSR) which includes, pursuant to the *United States Sentencing Guidelines*, calculation of a total offense level of 17 and a criminal history category of I, resulting in a sentencing guideline range of 24 months to 30 months.

Neither Mr. Thompson nor the government have filed objections to the PSR requiring the Court's consideration.

For the reasons set out in this memorandum, Mr. Thompson asserts that a sentence at the low end of the advisory guidelines sentencing range is appropriate and would satisfy the statutory purposes of sentencing.

The Court is well familiar with the history and provisions of the United States Sentencing Guidelines, the effect of the *Booker* decision (*United States v. Booker*, 543 U.S. 220 (2005)) on the applicability of those guidelines, and the provisions of Title 18, *United States Code*, §3553, regarding the purpose and policy behind federal sentences. In brief summary, while not required to follow the sentencing guidelines, the Court *is* obligated to follow the "parsimony

provision" mandated in §3553(a), which requires imposition of a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in paragraph (2) of that subsection.

The parsimony provision is not merely another factor to be considered along with others set forth in §3553(a). Instead, it set an independent limit on the sentence the Court may impose. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd. Cir. 1989). Imposition of a sentence greater than necessary to meet the statutory purposes of sentencing is reversible even if it is within the advisory guideline range. *Id*.

The parsimony provisions override the now-advisory policy statements in Chapter 5, part H of the sentencing guidelines, which lists as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence and lack of guidance as a youth. *United States v. Phelps*, 366 F. Supp. 2d 580, 592-593 (E.D. Tenn. 2005). Therefore, sentencing courts now have a duty to consider many factors that the guidelines, if mandatory, would exclude from consideration.

Section 3553(a)(1) specifically requires the Court to consider "the history and characteristics of the defendant." Accordingly, this Court must consider all

such factors, even factors deemed irrelevant under the formerly mandatory guidelines, in determining the type of sentence that satisfies the sentencing mandate of the parsimony provision.

In accordance with § 3553 jurisprudence, Mr. Thompson offers the following factors as relevant to the Court's sentencing decision:

1. <u>History and characteristics of the defendant</u>

    Mr. Thompson's parents were never married and he has eight siblings, including one brother, five half-brothers and two half-sisters. Mr. Thompson is 19 years old and the oldest among his siblings. Mr. Thompson was raised by both parents. He is a lifelong resident of the Tuscaloosa area. Prior to this incident he resided with his mother, two brothers and a sister in Tuscaloosa.

    Mr. Perry graduated from Holt High School in 2023 (5 months prior to his arrest in this case). While there he participated in sports programs, including football, basketball, and baseball. He attended trade school at Shelton State Community College where he earned certifications in welding, industrial maintenance, and forklift operations.

    After graduating from high school Mr. Thompson worked various jobs. Most recently, Mr. Thompson was employed as a mechanic at the

Mercedes plant in Vance, Alabama. He was working as a temporary employee and was scheduled to be hired as a permanent employee until he was arrested on this case.

### 2. Lack of criminal history

Mr. Thompson has a total criminal history score of zero. (PSR ¶34) Mr. Thompson has never been convicted of a crime. He did not have any disciplinary issues in school. But for the fact that this case involved a firearm, Mr. Thompson would have been eligible for a two-level reduction in his offense level. (U.S.S.G. § 4C1.1(a)(7)). Mr. Thompson respectfully asks that the Court take his lack of criminal history into account when fashioning an appropriate sentence in this case.

3. <u>Physical health, mental health, and substance abuse</u>

Mr. Thompson is presently in good physical health and is not currently prescribed any medications. Mr. Thompson was shot in the right arm when he was 17 years old. He explained that this occurred when he and his brother met a man intending to purchase some speakers. When they arrived at the meeting, the man robbed them and shot Mr. Thompson in the arm. He underwent three surgeries at DCH Hospital in Tuscaloosa where doctors inserted a metal rod into his arm. Mr.

Thompson still suffers from numbness, range of motion issues, and nerve damage as a result of the injury.

Mr. Thompson has never experienced or been treated for emotional, mental, or psychological problems. Mr. Thompson has not exhibited any obvious symptoms of mental health issues or impairment during the course of the undersigned's representation.

Mr. Thompson has never abused alcohol or used illegal drugs.

4. <u>Acceptance of responsivity</u>

   Mr. Thompson accepted full responsibility for his actions without reservation or limitation. Having made a decision to accept responsibility, Mr. Thompson notified authorities of his intention to enter a plea of guilty, thus saving the government the time and expense of preparing for a trial. He also truthfully answered all questions posed by the PSR writer and has done nothing to obstruct justice. He has always been polite, helpful, and cooperative. He has expressed remorse for his actions.

5. <u>Plea agreement and recommendation from the government</u>

   Mr. Thompson and the government executed a plea agreement, under the terms of which the government is obligated to recommend a sentence

at the low end of the advisory sentencing guideline range as that range is determined by the Court.

Plea agreements are generally looked upon with favor by the parties and the Courts. Although the Court is not obligated to impose a sentence in accordance with a plea agreement, the Curt is no doubt mindful that imposition of a sentence longer than that contemplated in the agreement and recommended by the government would send a message to similarly situated defendants and to counsel that plea agreements may not be beneficial, perhaps leading to fewer such agreements.

### Request for credit for time served

Mr. Thompson was arrested by Tuscaloosa authorities on a related case on October 18, 2023. He was arraigned on this case on March 6, 2024.  Mr. Thompson has been in federal custody since his arraignment. Mr. Thompson respectfully requests that the Court direct the Bureau of Prisons to give him credit for time served while in federal custody.

### Request for Concurrent Sentence

As noted in paragraph 37 of the PSR, Mr. Thompson was arrested by Tuscaloosa Police Officers on October 18, 2023, for related state conduct. No case numbers are available at this time. USSG § 5G1.3(c) appears to address the

situation where a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant case. Mr. Thompson suggests that that the sentence for the instant offense should be imposed to run concurrently to the anticipated term of imprisonment in a potential case brought by Tuscaloosa authorities.

Although we do not have a case number for the state case, Mr. Thompson requests that the Court fashion a sentence that clearly directs that the sentence in this case is imposed to run concurrently with any future sentence which is based on the relevant conduct in this case.

## Request for Housing Location

Mr. Thompson requests that the Court recommend to the Bureau of Prisons that he be incarcerated in a facility as close to the residence of his mother as possible. Mr. Thompson's mother lives in Tuscaloosa, Alabama. His mother lacks the financial means to visit Mr. Thompson, if he is housed at a facility far from her residence.

## CONCLUSION

The sentencing mandates of Title 18, United States Code, § 3553(a), and the factors set out in the memorandum, including Mr. Thompson's age and lack of criminal history, suggest that a sentence at the low end of the advisory

sentencing guideline range would meet all statutory purposes for sentencing. Imposition of a longer sentence of incarceration would be greater than necessary to meet statutory sentencing purposes.

Respectfully submitted this 11th day of August, 2024.

*/s/ Electronic Signature*
Michael W. Whisonant, Sr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2024, the foregoing Notice was filed electronically with the Clerk of the Court, Northern District of Alabama, using the CM/ECF system to send notification of such filing.

>*/s/ Electronic Signature*
>MICHAEL W. WHISONANT, SR.
>Attorney at Law

Of Counsel
Jaffe, Hanle, Whisonant & Knight, P.C.
2320 Arlington Ave. South
Birmingham, Alabama 35205
(O) (205)-930-9800
(C) (205) 903-9019